## M. LICHTENSTEIN, APPELLANT, v. MELLIS BROS., RESPONDENTS.

TRADE MARK, INFRINGEMENT OF.—L. recorded the following as a trade-mark: "I X L General Merchandise Auction Store," and used the same as a sign over his place of business. M. afterwards used as a sign over his store: "Great I X L Auction Co." *Held*, that the court will not suppress the use of the latter as an infringement of L.'s trade-mark.

APPEAL from Multnomah County.

This is an action for damages for violation of plaintiff's rights to a trade-mark, commenced in the circuit court and decided against appellant on demurrer to the amended complaint. The complaint shows, by proper allegations, that the plaintiffs have the exclusive right to use as a trade-mark the name "I X L General Merchandise Auction Store,' and that the respondents, knowing the fact, fraudulently, and for the purpose of deceiving the public, use the name "Great I X L Auction Company." The court below sustained the demurrer to the complaint, upon the ground that the facts stated did not show an infringement of the plaintiff's trade-mark.

*O. P. Mason and E. T. Howes*, for appellant.

*Johnson, McCown and Macrum*, for respondents.

By the Court, BOISE, J.:

It is conceded that the first ground of demurrer, to wit, that the court has not jurisdiction of the case, is not tenable; and the appellants now rely on the second ground of demurrer, to wit, that the complaint does not state facts sufficient to constitute a cause of action. In determining

this cause of demurrer, we will first consider the matter as to whether or not the letters and words "I X L General Merchandise Auction Store," which constitute the trademark of the plaintiff, are so nearly identical with or similar to the words and letters used by defendants, to wit, "Great I X L Auction Co.," as to be likely to mislead the public, and cause the one to be taken for the other, and thereby draw the customers of the appellant to the store of the respondents, and thereby injure the business of the appellant. We do not think the letters and words used by the parties are so nearly identical in appearance or meaning as to mislead the public. The words used by the appellant, "General Merchandise Auction Store," suggest that the store contains a general assortment of merchandise, and that goods are there sold at auction. The words "Great Auction Co." would suggest that the Co. sold goods and other property, such as lands and such other things as are embraced under the head of general merchandise. All the words are different in these respective signs except the word *auction*, and this is a word that is generally used over all places where auctions are conducted, and can not be appropriated by any one as a trade-mark without being used with other words.

It is claimed that the letters "I X L" could not be used by the respondent after being appropriated by the appellant. These letters have been used by many manufacturers to denote their wares, as on cutlery and on bitters, and were not the invention of the plaintiffs, but taken by them from former proprietors and inventors thereof, and do not by themselves make a trade-mark any more than the word *excelsior*, which is often used with other words to make a trade-mark or sign. And in this case, the appellants have recorded all the words above with these letters as their trade-mark, and can not now claim these letters alone constitute it. We think the signs of the parties are not sufficiently similar to warrant the court in interfering to restrain the respondents, or to entitle the appellant to damage.

The judgment of the circuit court will be affirmed, with costs.