# The Duniway Publishing Co. *v.* The Northwest Printing and Publishing Co.

Infringement of Title.—"The New Northwest" is the title of a newspaper which has been published in the city of Portland since May, 1871. In January, 1883, the defendant began the publication of a newspaper in said city called " The Northwest News." Intentional fraud was not alleged. Held, that the exclusive right of the plaintiff to the title, "The New Northwest" was not infringed by the title "The Northwest News," adopted for defendant's paper.

Appeal from Multnomah County.

*Rufus Mallory* for appellant.

*Joseph Simon* for respondent.

By the Court, Waldo, J.:

This cause turns on the question whether the name "The New Northwest," as the title of a weekly newspaper pub-

lished in the city of Portland, is pirated by the employment of the name " The Northwest News" for the title of a weekly newspaper published by defendant in said city. The New Northwest is the title of a weekly newspaper which has been published in Portland since the year 1871. The Northwest News is the title of a daily and weekly newspaper first published in the same place in January, 1883. The publishers of the New Northwest, believing the name chosen for the new paper an infringement of their exclusive right to the name by which their periodical was known to the public, made an application to the circuit court for an injunction to restrain the use of the title " The Northwest News" as the title of defendant's periodical. The complaint was accompanied by affidavits and sundry exhibits setting forth the facts relied on to sustain the application.

The allegations of the answer, so far as we deem it necessary to consider them, denied that the resemblance of the name of the defendant's publication to that of the plaintiff's was such as to constitute the infringement alleged. The answer was treated substantially as a demurrer to the complaint, and was sustained by the circuit court and the complaint dismissed. The question before us, therefore, is whether the complaint, with the affidavits and exhibits attached to it, stated facts sufficient to constitute a cause of suit.

The right of the publishers of the New Northwest to the title of their periodical as a trade-mark, we deem to have been established. However, a brief statement of the law applicable to the case will show that there are no grounds for an injunction.

"Chancery protects trade-marks upon the ground that a party shall not be permitted to sell his own goods as the

goods of another; and therefore he will not be allowed to use the names, marks, titles, or other *indicia* of another by which he may pass off his own goods to purchasers as the goods of another." (*McLean* v. *Fleming*, 6 Otto, 255.)

" In all cases where rights to the exclusive use of a trade-mark are invaded, the essence of the wrong consists in the sale of the goods of one manufacturer or owner as those of another." (*Osgood* v. *Allen*, Holmes' C. P., 194.)

In *Levy* v. *Walker*, 10 Ch. Div., 436, it is said: "The sole right to restrain anybody from using any name that he likes in the course of any business he chooses to carry on, is a right in the nature of a trade-mark. That is to say, somebody has a right to say, You must not use a name, whether fictitious or real, or a description, whether true or not, which is intended to represent, or is calculated to represent, to the world that your business is my business, and therefore deprive me, by a fraudulent misstatement of yours, of the profits of the business which would otherwise come to me. That is the sole principle on which the court interferes. The court interferes solely for the purpose of protecting the owner of a trade or business from a fraudulent invasion of that business by somebody else. It does not interfere to prevent the world outside from being misled into anything." (Cited in the note to *Robertson* v. *Berry*, 33 Am. Rep., 337; S. C., 50 Me., 591.)

No fraudulent purpose on the part of the defendant to pirate the plaintiff's trade-mark is alleged in the complaint, and at the argument plaintiff's counsel disclaimed that any such purpose existed in fact. But in *Coffeen* v. *Brown*, 4 McLean, 519, it was declared that intentional fraud is not necessary to entitle the plaintiff to protection. The point had been previously ruled the same way in *Millington* v. *Fox*, 3 M. & C., cited in *Taylor* v. *Carpenter*, 11 Pa., 292.

But in such case the title of the defendant's paper must so closely simulate that of the plaintiff's that an infringement may be declared by the court as matter of law, or else the simulation must be proven as a fact. It is clear that the titles are sufficiently distinct to prevent the court declaring an infringement by mere inspection of the titles. It must be established, if at all, by extrinsic evidence.

But the facts set out in the complaint and affidavits and exhibit do not show any loss of trade. Inconveniences and annoyances from mistakes in the names of the two papers constitute no ground for an injunction. There must be actual injury to the sale of the plaintiff's paper. It does not appear that subscribers to the Northwest News, in Eastern Oregon and in Walla Walla, referred to in one of the affidavits, subscribed to the defendant's paper believing they were subscribing to the plaintiff's. Had such been the fact, it could have been easily shown by an affidavit of a party so misled.

In *Snowden* v. *Noah Hopk.*, 347, S. C. 14, Am. Dec., 547, there was a closer resemblance between the titles of the two papers than there is in this case. The title of the first was "The National Advocate," and of the second "The New York National Advocate." Yet an injunction was refused because the New York National Advocate did not claim to be the same paper as The National Advocate, and no intention to defraud existed.

In *Osgood* v. *Allen*, Holmes' C. P., 185, the title of complainant's paper was Our Young Folks, an illustrated magazine for boys and girls, and of the defendant's, Our Young Folks' Illustrated Paper. Both were illustrated periodicals for the young—the one a monthly, the other a fortnightly. Intentional deception was charged, but the court refused

to order an injunction unless deception in fact was established.

It is unnecessary to consider additional grounds of defense urged by defendant's counsel, since, conceding these points to the plaintiff, the authorities cited are decisive in favor of the defendant as the case has been presented, and the decree pronounced must accordingly be affirmed.

Decree affirmed.