Argued March 13, reversed and remanded March 26, 1918.

DANTON *v.* MOHLER BARBER SCHOOL.

(170 Pac. 288.)

**Trademarks and Trade Names—Unfair Competition.**

1. One conducting a barber school may, as for unfair competition, enjoin another from engaging in the same business, in the same locality, under the same name.

[As to when equity will interfere to restrain infringement of trademarks and trade names, see note in 25 **Am. St. Rep.** 191]

**Trademarks and Trade Names—Unfair Competition—Partners Using Corporate Name.**

2. That partners are doing business under a corporate name does not prevent them having a corporation enjoined for unfair competi-

tion from using it; partners being permitted to use a corporate name if, as plaintiffs had done, they register it and their true names.

**Trademarks and Trade Names — Unfair Competition — Synonymous Names.**

3. The names "Moler Barber College" and "Mohler Barber School" are practically synonymous, as regards right to injunction for unfair competition.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1. The Circuit Court sustained a general demurrer to the plaintiffs' complaint and, as they refused to plead further, made an order dismissing the suit from which they have appealed. Reversed and remanded.

For appellants there was a brief over the names of *Mr. Chester G. Murphy* and *Mr. Ralph Robinson,* with an oral argument by *Mr. Murphy.*

For respondent there was a brief with oral arguments by *Mr. Morris A. Goldstein* and *Mr. Frank S. Senn.*

BURNETT, J.—The two plaintiffs allege in substance that for ten years prior to the filing of the complaint they have been conducting a barber school and college in Portland, as partners, for the instruction of persons desiring to learn the barber trade; that they carried on such business under the firm name and style of "Moler Barber College" and that they registered the same as required by Chapter 154 of the Laws of 1913. They say that this name is well known throughout Oregon, the United States and Canada, as applied to barber colleges; that they purchased from one A. B. Moler of Chicago the right to use it in this state in the conduct of their business and that it is valuable to them on account of these facts. They further assert that since February 23, 1916, the defendant has

been and is now a corporation organized for the purpose of teaching persons the business or profession of a barber in Portland in competition with the plaintiffs. In substance, they charge that the defendant was formed by its promoters with the fraudulent purpose and intent of deceiving the public and undermining plaintiffs' business by means of commercial piracy and fraud and in pursuance thereof has located its place of business within half a block of the plaintiffs' establishment, and by so doing has grievously injured the goodwill and trade of the plaintiffs and secured for itself many customers and students who otherwise would have patronized the plaintiffs. They claim to have been damaged by the action of the defendant and pray for an injunction prohibiting it from using the name "Mohler" as applied to the business of barbering or barber college, that it be compelled to account to the plaintiffs for all profits made by it and all money it has received in the use of said name "Mohler" as applied to a barber school or college, and for further relief.

1, 2. The principle applicable to cases of this kind is thus stated in *Columbia Engineering Works* v. *Mallory*, 75 Or. 542, 546 (147 Pac. 542):

"The defendant, who is a subsequent manufacturer, cannot palm off his goods as those of his rival, the plaintiff, and escape the restraining hand of equity. It is not necessary to show by specific instances that purchasers have actually been deceived; but a court of conscience is justified in stamping the brand of commercial piracy upon the wares of defendant if he puts them upon the market in such form and manner as to deceive the purchasing public into the belief that such wares were made by plaintiff."

The same doctrine is taught in *Wood* v. *Wood*, 78 Or. 181 (151 Pac. 969, L. R. A. 1916C, 251), and it is said in 10 Cyc. 151, cited by defendant:

"While the name of a corporation is not in strictness a franchise, yet the exclusive right to its use may be protected in equity by the writ of injunction by analogy to the protection of trademarks, just as the name of an individual, a partnership, or a voluntary association may be so protected; and the absence of a fraudulent intent is no defense to an action for such relief."

The case of *Clark* v. *Aetna Iron Works,* 44 Ill. App. 510, cited by the defendant here, to the effect that the words composing the name of the defendant import a corporation in which there can be no property as of a trade name by a partnership, depends upon the older case of *Hazelton Boiler Co.* v. *Hazelton Tripod Boiler Co.,* 142 Ill. 494 (30 N. E. 339). Those decisions have for their authority on that point a peculiar statute of the State of Illinois providing in substance that if any company, association or person puts forth any sign or advertisement, and therein assumes a corporate name for the purpose of soliciting business, without being in truth incorporated, it shall be punished by a fine. Our statute, being Chapter 154, Laws of 1913, not only does not make such assumption of name a criminal act, but permits it, provided the person or persons using it shall register their real names. The Illinois cases, based as they are on a different statute, are not controlling in the present juncture. Of course, if the plaintiffs were falsely pretending to be a corporation to be known by the name they seek to protect, equity would not give them relief because that would be to uphold them in the fraud. On the other hand, if, indeed, they are using the words in question as the name of their partnership in good faith and as permitted by the statute, equity will prevent a wrongful appropriation of it by another. All the cases in this state in which the subject has been con-

sidered and, indeed generally, where relief has been denied, the question has been on the application of the doctrine and not upon the existence of the principle itself. The plaintiff has been turned out of court, if at all, because the trade name used by the defendant was clearly distinguishable from that employed by the former. The rule is that where the similarity is so marked that it would probably deceive an ordinary person about the identity of the two concerns, equity will interpose in favor of the one holding the paramount right to the name.

3. In this case the two titles are practically synonymous; the only noticeable difference being in the spelling of the name "Moler," and we think that the interposition of the silent letter "h" will not exonerate the defendant from the charge laid against it in the complaint. That pleading does in truth state facts sufficient to constitute a cause of suit and afford relief to the plaintiffs. If its averments are true there has been a flagrant attempt by the defendant to appropriate to itself the firm name, goodwill and trade of the plaintiffs. The decree of the Circuit Court is reversed and the cause remanded with directions to overrule the demurrer and for further proceedings not inconsistent with this opinion.    REVERSED AND REMANDED.

McBRIDE, C. J., BENSON and HARRIS, JJ., concur.