Argued March 11; reversed and dismissed March 25, 1930

## LIQUIDATORS *v.* CLIFTON

(286 P. 152)

*W. C. Campbell* and *James W. Crawford,* both of Portland, for appellant.

*Frank H. Reeves* of Portland (Herbert Swett of Portland on the brief) for respondent.

BELT, J.   This is a suit to enjoin defendant from using the trade name of Bonded Liquidator Co., upon the grounds (1) that plaintiff is entitled to the exclusive use of the word Liquidators, its corporate name, by right of prior adoption; and (2) unfair competition in that defendant's use of such assumed name is

for the purpose of misleading and deceiving the public, such similarity having a tendency wrongfully to divert plaintiff's business.

The plaintiff corporation was organized in February, 1927, and ever since has been engaged in the general collection business in the city of Portland. Defendant, who is also engaged in the collection business, has his offices about six blocks distant from plaintiff's place of business. Defendant registered his assumed name with the county clerk of Multnomah county in March, 1928, and has been conducting such business ever since.

Defendant, in answer to the suit for injunctive relief, asserts: (1) That "Liquidators" is a generic term descriptive of the character of business in which plaintiff is engaged, and, by reason thereof, may be used by any person without infringement upon such trade name; and (2) that there is not such similarity between the two trade names as to result in confusion and unfair competition.

From a decree enjoining the use of "Bonded Liquidators Co." the defendant appeals.

■ The vital questions are: Will defendant's use of the trade name result in unfair competition? Will such use bring about confusion and deprive plaintiff of business which would otherwise come to it? Will the public be deceived and led to believe defendant's business is that of his competitor? If these inquiries be answered in the affirmative, equity may be invoked to prevent such commercial piracy. No man should be permitted to sail under a false flag. On the other hand, a corporation in selecting for a trade name a generic term which is descriptive of the business in which it proposes to engage, assumes some risk of injury resulting

from confusion of trade names, since no one can exclusively make such an appropriation. "Liquidators" is a generic term and it describes the character of business carried on by plaintiff. It is broad and comprehensive enough to include a collection business. There are, no doubt, several hundred firms in the city of Portland whose business is to liquidate or collect accounts. Why should one company be permitted thus to monopolize a trade name of such character? If an exclusive appropriation can thus be made, then, with like reason, there might be a monopoly in the use of such names as "Adjusters," "Printers," and "Lawyers." The rule is thus stated in 14 C. J. 329:

"Unless the words have acquired in the mind of the public a secondary meaning as denoting the goods or business of a particular company, a corporation cannot acquire the right to the exclusive use of geographical words in its corporate name, or words merely generic or descriptive of a particular business, class of goods, process, sect, etc., which any one may lawfully use, so as to be entitled to enjoin their use by another corporation or association in its name, in the absence of actual fraud or intent to deceive. But if such words are used fraudulently and with intent to deceive, or in such a way that they naturally must deceive, an injunction will lie as in other cases."

We find no evidence indicating fraud or an intent to deceive. It is believed that defendant acted in good faith.

■ The evidence does not disclose that the word "Liquidators" has any secondary meaning in that it denotes the business of a particular company. As before stated, there are many liquidators in the city of Portland. We are not dealing with a product or manufactured article wherein the use of a generic term has

been protected on account of the business having been so long established and identified that the use of such trade name becomes immediately associated with the product or article. If the word "Liquidators" had a secondary meaning, then protection might be afforded even though it be a generic term. An exhaustive review of the authorities in this jurisdiction and elsewhere is made in the recent cases of *Federal Securities Co. v. Federal Securities Corporation,* 129 Or. 375 (276 P. 1100), and *Umpqua Broccoli Exchange v. Um-Qua Valley Broccoli Growers,* 117 Or. 678 (245 P. 324). Also see cases collated in note L. R. A. 1917C 958. We see no need of repetition.

■ Furthermore there is such a dissimilarity in the trade names that we cannot say their use will naturally and probably result in confusion and deception. It is only in plain cases of wrong and mischief that the extraordinary remedy of injunction may be invoked to restrain the use of a·name. The fact that plaintiff has not sustained any substantial injury thus far by the defendant's use of his trade name leads us to believe that none will occur in the future. We think plaintiff's alleged injury is more fanciful than real.

The decree of the lower court is reversed and the suit is dismissed.

Coshow, C. J., and Bean and Brown, JJ., concur.