Argued January 13; reversed February 25, 1942

STARR *v.* HOTELLING ET AL.

(122 P. (2d) 432)

Before KELLY, Chief Justice, and RAND, ROSSMAN and BRAND, Associate Justices.

*Ben H. Conn,* of Portland, for appellant.

*John F. Conway,* of Portland (Henry G. Kreis, of Portland, on the brief), for respondent C. C. Hotelling.

KELLY, C. J. Ever since May 20, 1925, plaintiff, L. L. Starr, has been engaged in the business of cleaning and dyeing dry goods generally, and par-

ticularly, wearing apparel of men, women and children, under the assumed name of "Portland Cleaning Works", with his place of business at 3968 North Williams Avenue in Portland, Oregon.

On or about said May 20, 1925, plaintiff filed for recording with the county clerk of Multnomah county, Oregon, his certificate of said assumed business name of "Portland Cleaning Works", at the address which was then applied to the location now known as 3968 North Williams Avenue, Portland, Oregon.

For several years last past, defendant C. C. Hotelling has been and is now engaged in the same character of business as that of plaintiff.

On the 9th day of October, 1930, defendant Hotelling filed his certificate of assumed name with the county clerk of Multnomah county, Oregon, thereby adopting as his assumed business name that of "Portland Heights Cleaners" under which to undertake and carry on the business of cleaning and pressing dry goods generally, and particularly, wearing apparel of men, women and children, in said city of Portland with his plant and offices located at number 2424 S. W. Vista Avenue in said city.

Continuously from October 9, 1930, until January 14, 1936, defendant Hotelling conducted the business of cleaning and dyeing under the name "Portland Heights Cleaners", at said number 2424 S. W. Vista Avenue in said city of Portland.

On January 14, 1936, defendant Hotelling undertook to adopt an additional assumed business name, to wit: "Portland Cleaners" in order to conduct his said business of cleaning and dyeing at said 2424 S. W. Vista Avenue, Portland, under both names, to wit: "Portland Heights Cleaners" and "Portland Cleaners"; and ever since January 14, 1936, defendant Hotelling

has been conducting his said business at said location under both of said names.

In the directories of defendant The Pacific Telephone and Telegraph Company, the names Mr. Hotelling was using were listed so that "Portland Cleaners" appeared immediately above plaintiff's assumed business name of "Portland Cleaning Works" and the name "Portland Heights Cleaners" was printed immediately below it.

Plaintiff seeks to restrain defendant Hotelling from using the assumed name "Portland Cleaners", and to restrain defendant, The Pacific Telephone and Telegraph Company from listing in its telephone directory for the city of Portland the assumed name of "Portland Cleaners" as that of defendant Hotelling.

Without burdening this opinion with the testimony, we note that the record discloses confusion between the names "Portland Cleaning Works" and "Portland Cleaners" when efforts were being made to dial plaintiff's telephone.

Nine apparently disinterested witnesses testified to experiencing such confusion. They are: Stanley Pintarich, Mrs. H. A. Block, Mr. H. C. Thompson, Mrs. Alma Metzger, Mr. I. M. Montgomery, Mrs. A. Geffen, Mrs. Hilda Johnson, Mrs. William Sorensen and Mrs. Tekla Hjorten. Four of plaintiff's employees also testified thereto.

This court has repeatedly given consideration to the principles of law governing cases wherein unfair competition was charged by reason of the use by the respective defendants of trade names respectively similar to those which the plaintiffs respectively employed. *Liquidators v. Clifton,* 132 Or. 448, 286 P. 152; *Federal Securities Co. v. Federal Securities Corporation,* 129 Or. 375, 276 P. 1100, 66 A. L. R. 934; *Umpqua Broc-*

*coli Exchange v. Um-Qua Valley Broccoli Growers*, 117 Or. 678, 245 P. 324; *Danton v. Mohler Barber School*, 88 Or. 164, 170 P. 288; *Wood v. Wood*, 78 Or. 181, 151 P. 969, L. R. A. 1916 C, 251, Ann. Cas. 1918A, 226; *Duniway Publishing Company v. Northwest Printing and Publishing Co.*, 11 Or. 322, 8 P. 283.

██ The controlling principle in cases wherein it is charged that a name used by one party is in conflict with a name used by another is that, in order to justify relief such as sought in the instant case, the circumstances must be such that it appears that the business of complainant will suffer from a deceptive use of its name, or that, by reason of such deceptive use of complainant's name, the public will be imposed upon. The names may be put in evidence together with the facts as to their use, and the circumstances surrounding the choosing of them.

"A dealer coming into a field already occupied by a rival of established reputation must do nothing which will unnecessarily create or increase confusion between his goods or business and the goods or business of his rival. Owing to the nature of the goods dealt in, or the common use of terms which are *publici juris*, some confusion and damage may be inevitable, but anything done which unnecessarily increases this confusion and damage to the established trader constitutes unfair competition. The unnecessary imitation or adoption of a confusing name, label, or dress of goods constitutes unfair competition. Where there is no reason for using a particular name other than to trade upon another's good will, such use of the name constitutes unfair competition and will be enjoined." 63 C. J. Subject: Trade-Marks, Trade-Names and Unfair Competition, p. 412, part of section 109, and authorities there cited.

As stated, confusion has been shown in this case resulting from the listing by defendant Hotelling of the

name, "Portland Cleaners" in the directory of defendant The Pacific Telephone and Telegraph Company in the manner described.

■ The manner of choosing the name "Portland Cleaners", by defendant Hotelling, cannot be justified. His explanation is that a similar name had been used by him while he conducted business elsewhere than at his present place of business; that the business, so conducted under that name, had been discontinued; and in order to preserve the name for possible future operation elsewhere than at his present location, he filed a certificate of assumed name purporting to adopt "Portland Cleaners" as the assumed name to be conducted at his present location. He also testified that another reason for filing the second certificate of assumed name and thereby attempting to adopt "Portland Cleaners" as an assumed name was because the name of "Portland Heights Cleaners" is so similar to "Portland Cleaners" that he does not want anyone else "to get too near" his name, "Portland Heights Cleaners".

It will be borne in mind that, when Mr. Hotelling filed the last mentioned certificate of assumed name he was operating his business at its present location under the name "Portland Heights Cleaners", and ever since filing said last mentioned certificate of assumed name he has been operating said business at said location under both names.

This leads to a consideration of the question whether two assumed names may be employed in conducting one business.

The statute provides that,

"No person or persons shall hereafter carry on, conduct or transact business in this state under any assumed name or under any designation, name or style,

corporate or otherwise, other than the real and true name or names of the person or persons conducting such business or having an interest therein, unless such person or all such persons conducting said business or having an interest therein shall file a certificate in the office of the county clerk of the county or counties in which said business is to be conducted, which certificate shall set forth the designation, name or style under which said business is to be conducted, and the true and real name or names of the party or parties conducting or intending to conduct the same, or having an interest therein, together with the postoffice address or addresses of said person or persons.'' Part of section 43-501, Vol. 4, O. C. L. A., p. 825.

■ Clearly, the foregoing statutory provision permits but one name for a single business. Multiplicity of names was one of the abuses sought to be overcome. Making use of more than one assumed name in operating only one business, that is a business conducted by the same person or persons at one location only, is an infraction and violation both of the letter and spirit of the quoted statute.

Defendant Hotelling cites *Duniway Publishing Co. v. Northwest Printing and Publishing Co.*, supra. In that case, which was decided upon demurrer to the complaint, there was no claim made of a fraudulent purpose on the part of the defendant to pirate the plaintiff's trade-mark, and at the argument plaintiff's counsel disclaimed that any such purpose existed in fact.

In the case of *Liquidators v. Clifton,* supra, also cited by defendant, this court found no evidence indicating fraud or an intent to deceive, but believed that defendant acted in good faith.

In the case of *Highland Dye Works v. Anteblian*, 270 Mass. 209, 170 N. E. 47, also cited by defendant Hotell-

ing, there was no evidence that any customer dealing with the defendant had done so in the mistaken belief that he was dealing with the plaintiff.

In the case at bar, we think there is evidence in support of the allegation set forth in plaintiff's complaint, that

"Said defendant has used said business name, to-wit: "Portland Cleaners" and is now using and will continue to use said business name unless restrained by order of this court, with the intent and for the purpose of defrauding plaintiff and appropriating for his own use and benefit the good will of plaintiff's said business."

It is also in evidence that customers, in dealing with defendant Hotelling, had done so in the mistaken belief that they were dealing with the plaintiff, and that this mistake arose because of the similarity of names and the manner in which such names were listed in the telephone directory.

■ We think that defendant Hotelling should be restrained from using the name "Portland Cleaners" and that defendant The Pacific Telephone and Telegraph Company should be restrained from further listing such name as the name or one of the names of Mr. Hotelling's business.

In making this restraining order effective upon defendant The Pacific Telephone and Telegraph Company, we are not unmindful of the work involved in preparing and publishing its directory, and we readily understand how, in such preparation and publication, the fact would be unnoticed that a patron was using two names for the same business in such a way as to sandwich his rival's name between the two names he was using; but the fact that the telephone com-

pany's task in furnishing a directory is monumental and demands great skill and care cannot relieve the company of its duty to protect the patrons, who are rightfully employing an assumed name, from the result of the company's publication in its directory of an assumed name wrongfully employed as a means of unfair competition.

Under the testimony, only nominal damages of one dollar can be awarded plaintiff against defendant Hotelling.

The decree of the circuit court is reversed and it is hereby decreed that defendant, C. C. Hotelling, be and he is hereby restrained and enjoined from conducting or transacting business at number 2424 S. W. Vista Avenue in Portland, Oregon, under the assumed name of "Portland Cleaners" and said defendant Hotelling is hereby also restrained from listing said name of "Portland Cleaners" in the telephone or other directory or directories of defendant The Pacific Telephone and Telegraph Company, as the name under which said defendant Hotelling is conducting said business; and it is further ordered and decreed that defendant The Pacific Telephone and Telegraph Company be and it is hereby enjoined and restrained from again listing in its telephone or other directory or directories the name "Portland Cleaners", as the name of the business conducted by defendant Hotelling.

And it is further ordered, adjudged and decreed that plaintiff have and recover judgment against defendant C. C. Hotelling for the sum of one dollar, and for his costs and disbursements herein; and it is further ordered that neither plaintiff nor defendant, The Pacific Telephone and Telegraph Company, recover costs or disbursements from the other.