**NORM THOMPSON OUTFITTERS, INC.,
an Oregon corporation, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, a
Delaware corporation, Defendant.**

**Civ. No. 68-591.**

United States District Court

D. Oregon.

June 9, 1969.

---

Kolisch & Hartwell, J. Pierre Kolisch, John W. Stuart, Portland, Or., for plaintiff.

James C. Dezendorf, George L. Wagner, McCulloch, Dezendorf, Spears & Lubersky, Portland, Or., for defendant.

## OPINION

BELLONI, District Judge:

This is a suit to enjoin the defendant from using the words "ESCAPE FROM THE ORDINARY" in defendant's advertising of Oldsmobile automobiles. The plaintiff alleges that the words constitute a common law trademark and

it asks for damages resulting to its business from defendant's use of it.

The plaintiff is in the mail order business selling a variety of goods such as sports clothing and equipment and gift items. His sales for the past ten years have amounted to approximately ten million dollars. In conjunction with these sales the plaintiff has done over two million dollars worth of advertising on a local and national level [1]. As part of his advertising the plaintiff has used the slogan "ESCAPE FROM THE ORDINARY" purportedly suggesting a frame of mind in potential purchasers that they are getting something special or different when they buy the plaintiff's products.

In September of 1968 the defendant commenced using the phrase "ESCAPE FROM THE ORDINARY" in advertising and sales promotion of Oldsmobile.

This is a diversity case and the plaintiff's theory is that of common law unfair competition, thus Oregon law will govern. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Blisscraft of Hollywood v. United Plastics Co., 294 F.2d 694, 697 (2 Cir. 1961).

■ To recover plaintiff must prove that "ESCAPE FROM THE ORDINARY" has become a common law trademark. The slogan has achieved such status if:

(1) Those four words in combination were arbitrary, coined or fanciful and were used in connection with plaintiff's goods, or if

(2) The words identify the source of goods as being from Norm Thompson Outfitters.

(1) Were the words "ESCAPE FROM THE ORDINARY" used in a coined or fanciful manner?

■ Common English words used in a combination can be a valid trademark if they are merely suggestive rather than primarily descriptive of the characteristics of one's goods. Douglas Laboratories Corp. v. Copper Tan, 210 F.2d 453, 454, 455 (2 Cir. 1954). The phrase "ESCAPE FROM THE ORDINARY" as used by plaintiff is not a coined or fanciful expression but rather it is primarily descriptive of the characteristics of plaintiff's goods. As stated, the plaintiff deals mostly in rare, unusual, unique and extraordinary products and although he sells usual items as well, he attempts to describe them as unique and unusual. The best description for plaintiff's goods would be "out of the ordinary". The phrase "ESCAPE FROM THE ORDINARY" is synonymous and similarly truly descriptive. The phrase as used by the plaintiff is not entitled to common law trademark status under this theory. Truck Ins. Exc. v. Truck Ins. Exc., 165 Or. 332, 365, 107 P.2d 511 (1940).

(2) Do the words identify the source of goods?

■■ If the slogan, as well as being descriptive denotes an association of the goods with a common source, protection may be granted against others infringing upon their use under the secondary meaning doctrine. Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 118, 59 S.Ct. 109, 83 L.Ed. 73 (1938); Barton v. Rex Oil Co., 2 F.2d 402, 405, 40 A.L.R. 424 (3 Cir. 1926). The question here then is whether "ESCAPE FROM THE ORDINARY" denotes the source of plaintiff's goods to a substantial number of plaintiff's present or prospective customers. See Lift Truck, Inc. v. Bourne, 235 Or. 446, 385 P.2d 735 (1963). This is purely a question of fact. 88¢ Stores, Inc. v. Martinez, 227 Or. 147, 153, 361 P.2d 809 (1961).

Plaintiff's evidence on this point consisted of:

(1) The undisputed fact that plaintiff had originated the phrase and used it for

1. Saturday Review, Sports Afield, A.M.A. Magazine, Wall Street Journal.

a period of at least six years on a substantially exclusive basis;

(2) The testimony of Dr. Parker, an economics professor who thought it had acquired a secondary meaning;

(3) The testimony of Mr. Lee, a salesman who testified that he was curious as to how the defendant could use the phrase legally in their advertising;

(4) The testimony of Mr. Leupold, a business acquaintance of the plaintiff's president, whose testimony was essentially the same as that of Mr. Lee.

I find that the evidence is insufficient to show a substantial number of plaintiff's customers, both present and future, associated the words "ESCAPE FROM THE ORDINARY" with Norm Thompson Outfitters to the degree required to establish a common law trademark under the doctrine of secondary meaning. This finding is fortified by the defendant's evidence which showed the plaintiff's use of the slogan "ESCAPE FROM THE ORDINARY" often to be relatively insignificant in plaintiff's advertising and that many synonymous slogans are used in advertising now and have been used in the past, such as "out of the ordinary", "step out of the ordinary", and others.

The similarity of these slogans with "ESCAPE FROM THE ORDINARY" tends to reduce the likelihood that any substantial number of prospective customers would associate the slogan as the source of Norm Thompson's goods.

Relief under the so called confusion theory is granted only when defendant's use of the plaintiff's trademark has caused or is likely to cause public confusion as to source of the defendant's goods. Lift Truck Inc. v. Bourne, 235 Or. 446, 385 P.2d 735 (1963); 88¢ Stores, Inc. v. Martinez, 227 Or. 147, 361 P.2d 809 (1961); Truck Insurance Exchange v. Truck Insurance Exchange, 165 Or. 332, 107 P.2d 511 (1940); Liquidators v. Clifton, 132 Or. 448, 286 P. 152 (1930).

Inasmuch as I have found that the phrase does not denote the source of plaintiff's goods, and thus does not acquire a secondary meaning, it cannot be held to cause public confusion as to source when Oldsmobile uses the words.

The plaintiff asserted an alternate theory, sometimes called the dilution theory, but such theory has been rejected in Oregon. 88¢ Stores, Inc. v. Martinez, 227 Or. 147, 361 P.2d 809 (1961).

This opinion will serve as Findings of Fact and Conclusions of Law pursuant to Rule 52(a) Fed.R.Civ.P.