Argued and submitted February 4, affirmed May 27, 1981

# PHOTO & SOUND COMPANY,
*Respondent,*

*v.*

# CORVALLIS,
*Petitioner,*

(TC 112451, CA 15727, SC 27345)

628 P2d 733

Leslie Roberts, of Kell, Alterman & Runstein, Portland, argued the cause and filed a brief for petitioner.

Patric J. Doherty, of Rankin, McMurry, Osburn, VavRosky & Doherty, Portland, argued the cause and filed briefs for respondent.

Before Denecke, Chief Justice, and Lent, Linde, Peterson, Tanzer, and Campbell, Justices.

TANZER, J.

**TANZER, J.**

The issue is whether there is a private right to injunctive relief to protect exclusive use of a registered assumed business name. Plaintiff Photo and Sound Company filed a complaint pursuant to ORS 648.050(6) to cancel defendant Peter Corvallis' registration of the assumed business name "Photo and Sound" in Washington, Multnomah and Clackamas Counties, alleging that defendant was not making actual use of the name. Defendant Corvallis answered and countersued to enjoin plaintiff from using the name "Photo and Sound Co." in the three counties. The defendant Corporation Commissioner made a pro forma appearance favoring neither side and not praying for an injunction. On the complaint, the trial court upheld defendant Corvallis' registration based on sufficient use. On the countersuit, the court prohibited the Corporation Commissioner from registering "Photo and Sound Co." as an assumed business name for plaintiff and the court enjoined plaintiff from using that name in the three counties.

The Court of Appeals affirmed the trial court's denial of cancellation of defendant's name registration, but it held that the trial court erred in granting an injunction at the behest of defendant Corvallis. The Court of Appeals gave two reasons for vacating the injunction. First, it held that an injunction was improper because the assumed business name registration statute does not confer an exclusive private right of use upon the registrant of a name. Second, it held that ORS 648.130, which authorizes the Corporation Commissioner to seek injunctive relief for violations of the assumed business registration scheme, is a remedy available only to the Corporation Commissioner.

We accepted review to determine whether there is a private right to injunctive relief for violations of the assumed business name act, ORS chapter 648. The legislative history of the enactment of ORS 648.130 as part of the assumed business name act gives reason to question the conclusion of the Court of Appeals that only the Corporation Commissioner has authority to seek an injunction enforcing the act. The statute provides:

> "Whenever the Corporation Commissioner determines that any person is violating subsection (1) of ORS 648.010, the commissioner may bring suit in the name of the state in any circuit court of this state to enjoin the acts or practices. Upon proper showing, the court shall grant a permanent or temporary injunction or restraining order. * * *"

The Corporation Commissioner, as proponent of the bill which became ORS 648.130, explained its purpose:

> "The main thrust of the bill, however, is to permit the Corporation Commissioner to seek an injunction against the use of an unregistered name. The present penalty provisions under Chapter 648 are so severely limited ($100 fine) that they have not been enforced by District Attorneys. Civil remedies available by [sic] persons harmed through the use of their name by another party frequently are too burdensome on the small businessman, particularly where the offender is a large national business organization."[1]

It is clear that the intention of the bill was to supplement, not to supplant, existing private civil remedies. The question is whether private injunctive relief for interference with exclusive use of an assumed business name is one of those existing remedies. No reported Oregon cases provide such a remedy, but it may nevertheless exist. A review of the purpose of the assumed business name statutes and their interplay with other bodies of law regulating and protecting competitive use of names and marks leads us to conclude, as did the Court of Appeals, that there was no preexisting right to injunctive relief regarding assumed business names, that ORS 648.130 was not intended to establish a new private remedy, and that the injunction in this case was erroneously allowed.

██ The evident purpose of ORS chapter 648 is public protection. The method of the chapter is to require disclosure by registration of the names and locations of persons doing business under an assumed name in order that members of the public may know the identity of those with

---

[1] Hearings on SB 462 before House State and Federal Affairs Subcommittee on Financial Affairs, 56th Legis. Ass'y (April 20, 1971), testimony of Frank J. Healy, Corporation Commissioner, proponent of the bill, Exhibit D.

whom they do business.[2] ORS 648.010 prohibits any person or persons from carrying on, conducting or transacting business under any assumed name unless such assumed name has been registered with the corporation commissioner.[3] ORS 648.015 requires the corporation commissioner to compare the applicant's proposed name to other business names and trademarks on file in various offices to ensure that the public will not be confused by the registration of two identical or deceptively similar names.[4] Any person

---

[2] It has generally been held that the object of assumed business name registration statutes is to give the public information about the persons with whom they deal and to afford protection against fraud and deceit. *Annot:* Doing Business Under Assumed Name, 42 ALR 2d 516, 521 (1955).

[3] ORS 648.010 provides:

"(1) No person or persons shall carry on, conduct or transact business in this state under any assumed name or under any designation, name or style, other than the real and true name of each person conducting the business or having an interest therein, standing alone or coupled with words which merely describe the business carried on and do not suggest the existence of additional owners, unless such assumed name or designation, name or style has been registered with the Corporation Commissioner. Words which suggest the existence of additional owners within the meaning of this section include such words as 'Company,' '& Company,' '& Sons,' '& Associates' and the like.

"(2) The person or all the persons conducting the business or having an interest therein shall sign and cause to have filed a verified application for registration with the Corporation Commissioner. An application for registration shall set forth:

"(a) The designation, name or style under which the business is to be conducted.

"(b) The real and true name of each person conducting or intending to conduct the business, or having an interest therein, together with the street address of each such person.

"(c) Every county in which the assumed name or other designation, name or style is used or is intended to be used to carry on, conduct or transact business.

"(d) The name and street address of the person authorized to represent the applicant or applicants for the assumed business name. If the application is granted and the assumed business name registered with the Corporation Commissioner, the person authorized to represent the registrant or registrants shall be authorized to receive notices and perform other duties required by the registrant or registrants of the assumed business name under the provisions of this chapter. The registrant or registrants shall keep current the name of the authorized representative in the office of the Corporation Commissioner.

"(e) Such other information as the Corporation Commissioner shall require."

[4] ORS 648.015 provides:

"When an application for registration or amendment of an assumed business name contains an assumed business name which is the same as, or deceptively similar to, an assumed business name

who uses an assumed business name without having registered it is prohibited from maintaining any suit or action in any of the courts of this state. ORS 648.090. The corporation commissioner may bring suit in the name of the state to enjoin a violation of the registration provision, ORS 648.130, *supra.* A violation of the Act is punishable, upon conviction, by a fine not exceeding $100. ORS 648.990. Thus the statutes purport to establish a requirement of registration; they do not purport to create a right to use or registration.

Although the purpose of ORS chapter 648 is to safeguard the public, certain of its provisions have the effect of benefiting private parties. ORS 648.050, under which this proceeding is brought, provides an administrative procedure whereby the corporation commissioner, on his own information or upon application, must cancel registration of assumed business names for counties where they are not used. If, as in this case, he does not, an applicant may file a complaint in circuit court to compel the commissioner to cancel. Subsection (6) provides:

> "If a petition [for cancellation] is rejected * * * a petitioner may file a complaint in the circuit court * * * raising the question of actual use of the registered name in such county by the registrant. If the circuit court finds that at the time the verified statement of use was filed the registered name was not in fact being used in such county, it shall issue its order directing the Corporation Commissioner to cancel the existing registration with respect to such county and register the name requested by the petitioner in such county."

Although this section appears to be directed to the public purpose of preventing monopolization of names and trafficking in registered names for profit, it also effectively benefits private parties who wish to free a certain name for their use. Nevertheless, it is significant that the judicial relief authorized by subsection (6) is directed only to the corporation commissioner and no judicial remedy against the existing registrant is provided. Similarly, ORS 648.015,

already registered for a county designated in the application or any corporate, limited partnership, reserved or registered name or trade-mark, trade name or service mark concurrently on file with the Corporation Commissioner, the Insurance Commissioner or the Superintendent of Banks, the Corporation Commissioner shall not register the assumed business name for which application is made."

which protects the public from confusion by prohibiting the registration of names the same as or deceptively similar to previously registered names, also has the practical effect of protecting a prior registrant from use of the name by another party. The point illustrated by reference to these statutes, however, is that the existence of private practical benefits is incidental to the assumed business name registration scheme. Those effects do not alter the actual basis for the chapter as a scheme of public protection administered by the Corporation Commissioner.

■     The Court of Appeals correctly concluded that ORS chapter 648 was not intended to protect private parties' interests in the use of their business names, despite the incidental benefit afforded to the registrants of particular names. Nowhere does the chapter expressly grant private parties the remedy of an injunction to prohibit statutory violations which impinge upon their exclusive use of a registered business name and no such private injunctive remedy may be fairly inferred from the statutory purpose of public protection. ORS 648.130, giving the Corporation Commissioner authority to seek an injunction in the name of the public, is the sole method established by statute for enforcement of the assumed business name registration provisions.

This is not to say that private parties have no rights to the exclusive use of their business names or that the Commissioner's suit forecloses parties from protecting such use through injunctive remedies outside of this statute. The reference in the Corporation Commissioner's 1971 testimony to preexisting private civil remedies recognized the existence of other forms of litigation to protect private rights. They are based on concepts which are similar in nature to those in the statutes for assumed business names and which are at the heart of defendant's arguments. We mention other forms of relief to demonstrate their distinctness despite similarities in hopes of providing a better understanding regarding assumed business name enforcement. The Court of Appeals distinguished between this statutory scheme and that for protection of trademarks, ORS ch 647, and we need say nothing further on that subject.

The most significant other class of private litigation similar to this is based on common law theories of unfair competition. This court has traditionally applied the common law principles of unfair competition in litigation between businesses concerning the use of corporate or assumed business names.[5] The justifications for court intervention in unfair competition cases are protection of an established business from unfair diversion of trade and protection of the user's interest in the uniqueness of his name.[6] In unfair competition suits, the issue is one of injury to private rights, *i.e.*, whether a prior user of a business name will likely be injured as a result of public confusion engendered by another's use of an identical or similar name.[7] However, unlike assumed business names, no protection is afforded by common law to "generic" names (names made up of terms which describe the type of business engaged in or the place of business) unless such names have acquired a secondary meaning,[8] that is, an association in the mind of the public with a specific business rather than its lexicographical meaning.[9] Injunctive relief has

---

[5] *Frostig v. Saga Enterprises, Inc.,* 272 Or 565, 539 P2d 154 (1975); *Lift Truck, Inc. v. Bourne,* 235 Or 446, 385 P2d 735 (1963); *The 88¢ Stores, Inc. v. Martinez,* 227 Or 147, 361 P2d 809 (1961); *H. Milgrim and Bros. v. Schlesinger,* 168 Or 476, 123 P2d 196 (1942); *Starr v. Hotelling,* 168 Or 207, 122 P2d 432 (1942); *Truck Ins. Ex. v. Truck Ins. Ex.,* 165 Or 332, 107 P2d 511 (1940); *Liquidators v. Clifton,* 132 Or 448, 286 P 152 (1930); *Federal Securities Co. v. Federal Securities Corp.,* 129 Or 375, 276 P 1100, 66 ALR 934 (1929); *Umpqua B. Exch. v. Um-Qua V. B. Growers,* 117 Or 678, 245 P 324 (1926); *Danton v. Mohler Barber School,* 88 Or 164, 170 P 288 (1918); *Wood v. Wood,* 78 Or 181, 151 P 969 (1915); *The Duniway Publishing Co. v. The Northwest Printing and Publishing Co.,* 11 Or 322, 8 P 283 (1884); *Lichenstein v. Mellis,* 8 Or 464, 34 Am Rep 592 (1880).

[6] Comment, *"Business Name Availability in Oregon,"* 14 Will L J 239, 244 (1978); *see generally* J. Thomas McCarthy, *Trademarks and Unfair Competition,* Vol I, ch 1 and 2 (1973).

[7] The principle of unfair competition is stated in one form or another in all of the cases cited in n 7. For the most straightforward statements *see Star v. Hotelling, supra,* 168 Or at 211; *Umpqua B. Exch. v. Um-Qua V. B. Growers, supra,* 117 Or at 685; *Danton v. Mohler Barber School, supra,* 88 Or at 168.

[8] *Frostig v. Saga Enterprises, supra,* 272 Or at 570, *Lift Truck, Inc. v. Bourne, supra,* 235 Or at 449; *The 88¢ Stores, Inc. v. Martinez, supra,* 227 Or at 155-56; *Starr v. Hotelling, supra,* 168 Or at 211; *Truck Ins. Ex. v. Truck Ins. Ex., supra,* 165 Or at 365; *Liquidators v. Clifton, supra,* 132 Or at 450-51, *Federal Securities Exch. v. Federal Securities Corp., supra,* 129 Or at 399-40; *Umpqua B. Exch v. Um-Qua V. B. Growers, supra,* 117 Or at 687-88.

[9] The doctrine of secondary meaning is discussed in all of the cases cited in n 10. The most succinct explanation is given in *Frostig v. Saga Enterprises, supra,*

been upheld by this court for unfair competition in the use of business names.[10]

There is a tendency to confuse the private remedy for unfair competition with the public remedy for violation of the business name registration statutes because of the similarities in the concepts employed by both schemes. For example, both ORS 648.015 and the law of unfair competition are concerned with preventing the use of deceptively similar names. However, the statute uses the concept of deceptive similarity to prevent the registration of names which will cause public confusion while the law of unfair competition uses deceptive similarity and public confusion as prerequisites to establishing private harm. Statutory registration of assumed names and the common law of unfair competition are distinct bodies of law with the different goals of public and private protection, respectively.[11] The rights protected under the two schemes thus involve different considerations and the remedies, accordingly, are different.

Some elements of a claim for relief for unfair competition are inferable from defendant's counterclaim and are the basis of defendant's contention that we should uphold the injunction. This case was litigated on the basis of a statutory violation and decided that way. For example, the trial court was not called upon to deal with the issue of genericness, which would have been at the heart of an unfair competition suit involving a business name composed of words which describe such general categories as

---

272 Or at 570, quoting from 3 Restatement of Torts, § 716, comment b, p 560 (1938). See also 14 Will L J, *supra* at 245-250.

[10] *See, Frostig v. Saga Enterprises, supra, Lift Truck, Inc. v. Bourne, supra; Milgrim and Bros. v. Schlesinger, supra; Starr v. Hotelling, supra; Danton v. Mohler Barber School, supra.*

[11] The interaction of the two schemes is not always clear. However, it appears that priority of use is the basis for protection under unfair competition, not priority of registration. While registration of a business name is required by ORS ch 648 (and for corporate names, see ORS, ch 57), the corporation commissioner cannot license a business to commit the tort of unfair competition. *See, Federal Securities Co. v. Federal Securities Corp., supra,* 129 Or at 385, *Umpqua B. Exch. v. Um-Qua V. B. Growers, supra,* 117 Or at 686. *See also* McCarthy, Trademarks and Unfair Competition, Vol. I, *supra* at § 9:3, Hornstein, Corporation Law & Practice, Vol I, § 103 (1959).

"photo" and "sound."[12] We decline to convert it at this stage to a common law action for unfair competition.

■ ⸱ Applying the foregoing statutory analysis to this case, we hold that while defendant's registration entitles him to use the assumed business name "Photo and Sound," he cannot personally seek an injunction under the statute against plaintiff's use of the unregistered name "Photo and Sound Company." Whether plaintiff's use of such name constitutes unfair competition with defendant's business must be the subject of other proceedings.

Affirmed.

---

[12] The trial court found that the question of genericness was not at issue in this case, indicating that it decided the case on the basis of the statutory violation instead of unfair competition.