Argued and submitted April 18, reversed in part and remanded with instructions August 29, petition for review dismissed December 27, 1984 (298 Or 428)

# HENDRICKSON,
*Appellant,*

*v.*

# CARSON et ux,
*Respondents.*

## (82-1433-E; CA A28710)

686 P2d 1066

Allen Reel, Beaverton, argued the cause for appellant. With him on the brief was Moomaw, Miller & Reel, Beaverton.

Richard V. Kengla, Grants Pass, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff landlord brought this action for possession of leased commercial property and for damages. She alleged, *inter alia,* that the defendant tenants breached the lease by failing to make necessary repairs and by failing to pay rent. The trial court denied relief.[1] She appeals, and we reverse in part.

In 1966, plaintiff's parents entered into an agreement to lease the Caveman Building Supply (Caveman) building to C.F. and Isabelle Garlock for a term of 12 years. After an intervening assignment, the lessees' interest in the lease was assigned to defendants in 1975. In 1980, at defendants' request, plaintiff constructed a second building adjacent to the first.[2] The parties then executed a new agreement, which incorporated most of the terms of the 1966 lease and, among other things, added provisions for the rental of the second building and gave defendants an option to renew through April, 1998. The 1966 lease contained the provision, retained in substance in the 1980 lease, that

> "lessee agrees to make all repairs necessary on the inside and outside of said building, including replacement of plumbing and wiring, all interior and exterior glass; and agrees to maintain all parking space, the exterior and roofing, all in as good a condition as when received, reasonable wear and tear * * * excepted. * * *"

According to plaintiff, defendants failed to repair and maintain the Caveman building as required by the lease. The particular concerns included problems with an exterior canopy, the roof and wooden trusses supporting the roof. In May, 1982, plaintiff sent defendants a notice of default pursuant to the lease. Defendants did not remedy the default within the 30 days allowed, and plaintiff exercised her right to terminate the lease on July 2, 1982. Defendants tendered their July rent check to plaintiff, but she refused to accept the tender. Defendants did not tender rent for subsequent months and did not follow any alternative methods for assuring payment of

---

[1] The court also awarded defendants Carson damages on a counterclaim. Plaintiff does not assign error to that award. The term "defendants" in the opinion refers to the Carsons. The other defendants have not appeared.

[2] Plaintiff's father died during the period of construction, and she succeeded him as lessor.

rent until the time of trial in December, 1982, when they tendered the aggregate rent due into court.

■■■■■ The trial judge, sitting without a jury, rejected plaintiff's contention that defendants' failure to tender rent terminated the lease. The court "found":

> "It would have been an idle gesture for Defendants Carson to have transmitted a rent check to Plaintiff each month after the initial rejection of the July check."

Defendants offer no argument or authority in support of the trial court's ruling except their reliance on the "common-law rule that the law does not require a person to perform a useless act." We do not agree that that "rule" excuses a tenant in possession of commercial premises from tendering rent. Under the lease and under ORS 91.090, defendants' failure to tender rent, without more, had the effect of terminating the tenancy, and the trial court erred in denying plaintiff's prayer for possession of the premises.[3]

Plaintiff sought damages of $18,000 for defendants' alleged breach of the contractual repair and maintenance provisions. She assigns error to the trial court's rejection of her allegations pertaining to defendants' failure to repair and maintain. The trial court's *oral* rulings at the conclusion of trial were to the following effect:

1. The 1980 lease states in its recitals that it stands "in lieu and in stead" of the 1966 lease. On the basis of that recital, the trial judge concluded that defendants' *receipt* of the premises—for purposes of the covenant to maintain the premises in as good a condition as when received—occurred in 1980 rather than 1966 or 1975.

2. The court found that the Caveman building is in the same or better condition than it was when defendants "received it" in 1980. The court's explanation for that finding was that there was no convincing evidence that the problems with the building originated after the 1980 lease was executed.

3. The trial judge made an alternative finding that the building is in as good a condition as it was in 1966. His

---

[3] The tender into court in December is irrelevant. *See Fry v. D. H. Overmyer Co., Inc.*, 269 Or 281, 307, 525 P2d 140 (1974).

explanation for that finding is that he did "not feel that at this time that there was *repair* that would be required by the terms of that [1966] lease because of the fact that the building would be considered * * * *in as good a condition* as it was in 1966 * * *." (Emphasis supplied.)

■    In our view, each of those points is incorrect. The first misconstrues the language and the obvious purpose of the 1980 lease. That instrument provides that "[t]he term of this lease has already commenced * * *." It is impossible, in light of that provision, to conclude that defendants did not receive the premises until the 1980 lease was executed. The second and third points are flawed by a fundamental confusion between the leases' separate requirements that defendants repair the premises and that they maintain certain parts of the premises in a condition as good as they were when received.

■    At the conclusion of his oral remarks, the judge asked defendants' attorney to prepare findings. Those *written* findings state in effect that defendants complied with *both* the repair and the maintenance covenants, whether the 1966 or the 1980 lease was the measuring document. In other words, the written findings corrected two of the trial court's oral misconceptions and rendered the third immaterial. This is an action at law,[4] and we are bound by the trial court's findings that have evidentiary support. Each of the written findings is supported by evidence. The question is whether the trial judge's oral rulings can constitute reversible error when no error appears in the written order. The answer is no.

The Supreme Court said in *Sause Bros. Ocean Tow v. Gunderson,* 265 Or 568, 576, 510 P2d 541 (1973):

> "A trial judge's antecedent remarks or opinions, not embodied in his written findings and judgment, may not be used to attack or impeach the findings or judgment on appeal. * * *" (Citations omitted.)

*See also Atlas Hotel Supply v. Baney,* 273 Or 731, 743-44, n 4, 543 P2d 289 (1975); *Barone v. Barone,* 207 Or 26, 294 P2d 609 (1956); *State v. Swain/Goldsmith,* 267 Or 527, 530, 517 P2d

---

[4] Plaintiff either argues or assumes that our review is *de novo.* Although defendants' counterclaim includes a prayer for injunctive relief, we find no basis for concluding that the parts of the proceedings that are involved in this appeal are equitable in nature.

684 (1974) ("A judge may change his mind concerning the proper disposition between the time of a hearing and his final action which takes place when he signs the order disposing of the matter.")

There is much to be said for the rule espoused in the cited cases. There is also something to be said for re-examining that rule. It undoubtedly serves to insulate error from review as often as it serves to promote a trial judge's knowing correction of an error. It also has the inherent effect of enabling attorneys to make the winning arguments at their desks after trial instead of in the courtroom with the judge and opposing counsel present. Be all of that as it may, the Supreme Court's cases are binding on this court, and the trial court therefore did not err in the rulings on the repair and maintenance issues.

Reversed and remanded with instructions to award possession to plaintiff and to reconsider the award of costs and attorney fees to defendants; affirmed in all other respects.[5]

---

[5] Plaintiff raises one further issue which is not addressed in this opinion, because it is not relevant to the question of damages and, in view of our holding concerning defendants' non-payment of rent, is superfluous to the disposition of the possession question.