## MARY'S RIVER LUMBER CO.,
*Respondent,*

*v.*

## SULLIVAN et al,
*Appellants.*

(C8805-0337; CA A49055)

768 P2d 939

Roy V. Smith, Albany, argued the cause for appellants. With him on the brief was Oregon Legal Services Corp., Albany.

Brian P. Jackson, Albany, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant tenant[1] appeals from a judgment of restitution of the premises to plaintiff landlord on this FED claim. He assigns as error the denial of his motion to dismiss for lack of legal capacity to sue. ORCP 21A(4). We affirm.

Plaintiff filed its initial complaint in the name of "Judson Parkway Condominiums." That name was not registered as an assumed business name. ORS 648.007 prohibits the conducting of business under an assumed business name unless it has been registered pursuant to ORS chapter 648. ORS 648.135(2) provides that a person who conducts business in violation of ORS 648.007 lacks standing to maintain a cause of action for the benefit of the business.

Defendant filed a motion to dismiss, which was denied because of a violation of UTCR 5.010.[2] Plaintiff then filed an amended complaint that changed the name of the plaintiff to Mary's River Lumber Company. Defendant renewed his motion to dismiss. The court held an evidentiary hearing[3] and denied the motion. We review to determine whether there is any evidence to support the trial court's conclusion that plaintiff was not conducting business[4] under the name "Judson Parkway Condominiums." *See*

---

[1] The trial court judgment, as well as the caption in all the trial court documents, named "[defendant tenant] and all occupants" as defendants. However, defendant tenant was the only defendant specifically named and personally served.

[2] UTCR 5.010(1) provides:

"The court will deny any motion made pursuant to ORCP 21 and 23, except a motion to dismiss: (a) for failure to state a claim; or, (b) for lack of jurisdiction, unless the moving party, before filing the motion, makes a good faith effort to confer with the other party(ies) concerning the issues in dispute."

[3] ORCP 21A provides, in part:

"If, on a motion to dismiss asserting defenses (1) through (7), the facts constituting such defenses do not appear on the face of the pleading and matters outside the pleading, including affidavits and other evidence, are presented to the court, all parties shall be given a reasonable opportunity to present evidence and affidavits, and the court may determine the existence or nonexistence of the facts supporting such defense or may defer such determination until further discovery or until trial on the merits."

[4] ORS 648.005 provides, in part:

"(3) 'Carry on, conduct or transact business' means:

"(a) To sell or to lease to another, real estate, goods, intangible property or services * * *."

*Hendrickson v. Carson,* 69 Or App 482, 486, 686 P2d 1066, *rev dismissed* 298 Or 428 (1984).

Plaintiff used the name "Judson Parkway Condominiums" in newspaper advertisements for vacancies and on the sign outside the complex. However, defendant's rental agreement was with Mary's River Lumber Co., and he was instructed to make checks payable to that entity. Receipts were initialed "MRL." The one exception was a pre-purchased money order payable to "Judson Parkway Condominiums," which plaintiff accepted as a deposit before defendant was instructed as to the proper payee. Regardless, there is evidence to support the trial court's conclusion.[5]

Affirmed.

---

[5] One purpose of requiring registration of an assumed business name is to protect members of the public so that they may know the identity of those with whom they conduct business. *Photo & Sound Company v. Corvallis,* 291 Or 105, 108-09, 628 P2d 733 (1981). Because his lease agreement was with Mary's River Lumber Co., defendant could not have been misled as to plaintiff's identity.